**EXHIBIT 1**

FILED
APR 07 2017
CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

**IN THE DISTRICT COURT OF DELAWARE COUNTY**
**STATE OF OKLAHOMA**

SHERRY J. SIMPSON,

Plaintiff,

v.

COBB-VANTRESS, INC.,
a foreign corporation, and
SHERRY BURGER, individually,

Defendants.

Case No. CJ-2017-45

**PETITION**

The Plaintiff Sherry J. Simpson (Plaintiff) hereby submits her Petition against Defendants Cobb-Vantress, Inc., a foreign corporation, and Sherry Burger. In support thereof, Plaintiff alleges and states as follows:

1. Plaintiff is an individual who resides in Oklahoma and is a former employee of Defendant Cobb-Vantress, Inc.

2. Defendant Cobb-Vantress, Inc. (Cobb-Vantress), is a foreign corporation with a location in Delaware County, Oklahoma, and is in the business of breeding poultry for meat production.

3. Defendant Sherry Burger (Burger) works for Cobb-Vantress, and Burger was Plaintiff's immediate supervisor.

4. That Cobb-Vantress is a qualified employer under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654 (FMLA).

5. That Plaintiff was a qualified employee under the FMLA.

6. That Plaintiff was employed with Cobb-Vantress in excess of one (1) year, and Cobb-Vantress has more than fifty (50) employees.

7. In March of 2003, Plaintiff began employment with Defendant Cobb-Vantress.

8. On or about July 9th 2014, Plaintiff sustained a serious health condition within the FMLA when she injured her back while lifting. Plaintiff immediately reported the injury to her supervisor, which was also an on-the-job injury. Additionally, in September of 2014, Plaintiff sustained a manifestation of a serious health condition in that Plaintiff has been diagnosed with asthmatic bronchitis as a result of working with Defendant resulting in significant aggravation to Plaintiff's condition.

9. Regarding Plaintiff's July 9th 2014 injury, both Defendants, in violation of Oklahoma law, committed Worker's Compensation fraud by never filling out a first report of injury until August 11th 2014 despite being notified by Plaintiff on numerous occasions of the injury and the need for medical care. Plaintiff is not filing a retaliatory discharge claim under 85A O.S. §§ 1 et. seq. Rather, Defendants' unlawfulness is indicative of the willfulness of Defendants' conduct.

10. Additionally, Plaintiff in August of 2014 notified her supervisor of another injury, a rash which she feared was from contacting Methicillin-resistant Staphylococcus aureus (MRSA), an infectious bacteria, based on a MRSA outbreak at Defendant Cobb-Vantress facility.

11. Plaintiff availed herself of her rights under by seeking necessary medical treatment and filing a claim. Defendants retaliated against Plaintiff by terminating her. Further, Defendants dissuaded Plaintiff from seeking benefits by having her work in excess of her restrictions, and terminating her while still under medical care for a false reason.

12. Additionally, in September of 2014, Plaintiff sustained a manifestation of a serious health condition in that Plaintiff has been diagnosed with asthmatic bronchitis as a result of working with Defendant.

13. Defendants were emboldened by their interpretation of the changes in the new

workers' compensation laws and believed that this oppressive new law gives them unfettered discretion to interfere with rights of workers in Oklahoma without consequences.

**COUNT I - BREACH OF CONTRACT (AS TO DEFENDANT COBB-VANTRESS)**

14. Paragraphs 1 through 13 are incorporated by reference as though fully set forth herein.

15. As a result of Plaintiff's employment with Defendant Cobb-Vantress, Plaintiff had an expressed and implied employment contract.

16. Specifically, Defendant Cobb-Vantress placed substantive restrictions on employee termination as well as a non-retaliation and non-harassment policy for both on-the-job injuries as well as assertion of rights under the FMLA. Thus, Plaintiff had a contract, both implied and express with Defendant Cobb-Vantress.

17. This implicit understanding is augmented by the employee handbook, policy and procedures manual that includes the following: a provision for merit and non-discrimination, an explicit progressive discipline policy for violations, as well as an anti-retaliation policy.

18. Defendant Cobb-Vantress breached contract this by terminating Plaintiff contrary to progressive discipline, not following written policy, and retaliating against Plaintiff.

**COUNT II – FMLA RETALIATION (AS TO BOTH DEFENDANTS)**

19. Plaintiff hereby adopts, alleges and incorporates by reference the allegations contained in the foregoing paragraphs.

20. That in July of 2014, Plaintiff injured herself and reported the injury to her immediate supervisor. Plaintiff was made to wait until August 11th 2014 which is when Defendants filled out an injury report. Plaintiff subsequently asked for medical treatment regarding the injury.

21. In September of 2014 while taking a shower at the facility, Plaintiff felt light headed, had difficulty breathing and lost her balance, Plaintiff screamed for help and grabbed the shower railing for balance and turned shower off while grabbing it for balance. Plaintiff reported the fact that she had difficulty breathing as well as back pain and Plaintiff was suspended for the stated reason of violating policy by taking a shower less than 5 minutes despite the emergency need for treatment. Defendants stated reason is a pretext and is retaliatory.

22. Plaintiff's injury is such that it requires at least three (3) days off of work and requires on-going care and as such is a serious health condition within the FMLA. In fact in September of 2014, Plaintiff was placed off-work by her physician.

23. As a result of Defendants' conduct, Plaintiff has sustained actual damages in excess of $10,000.00.

24. Plaintiff should be awarded a reasonable amount of attorney fees and costs herein.

25. Liquidated and/or treble damages should issue as a result of Defendants' willful violations.

**<u>COUNT III - FMLA INTERFERENCE (AS TO BOTH DEFENDANTS)</u>**

26. Plaintiff hereby adopts, alleges and incorporates by reference the allegations contained in the foregoing paragraphs.

27. That Plaintiff injured herself as set forth above. Defendants interfered with Plaintiff's rights under the FMLA by providing a false basis to terminate her and terminating her. Further, Defendants denied Plaintiffs request for medical treatment, failed to properly document medical treatment and dissuaded Plaintiff from availing her rights.

28. Plaintiff's injury is such that it requires at least three (3) days off of work and requires on-going care and as such is a serious health condition within the FMLA.

29. As a result of Defendants' conduct, Plaintiff has sustained actual damages in excess of $10,000.00.

30. Plaintiff should be awarded a reasonable amount of attorney fees and costs herein.

31. Liquidated and/or treble damages should issue as a result of Defendants' willful violations.

32. Defendants interfered with Plaintiff's FMLA rights by retaliating against her in numerous respects and terminating her.

33. As a result of Defendants' conduct, Plaintiff has sustained actual damages in excess of $10,000.00.

34. Plaintiff should be reimbursed a reasonable amount of attorney fees and costs herein.

35. Liquidated and/or treble damages should issue against Defendants.

36. Defendants retaliated against Plaintiff for availing herself of her rights under the FMLA and other legal rights by engaging in the following acts: Not filling out the appropriate forms when Plaintiff reported the injury, not allowing Plaintiff medical attention, terminating Plaintiff for a bogus reason, working Plaintiff in excess of her restrictions denying her time off.

37. That Plaintiff's availment of her rights was a significant motivating factor in Defendants' conduct.

38. That Defendants have acted maliciously and willfully and as such liquidated damages should be assessed against Defendants.

39. Plaintiff hereby adopts, alleges and incorporates by reference the allegations contained in the foregoing paragraphs.

40. Plaintiff availed herself of her rights under the Act, by seeking necessary medical treatment and filing a claim. Defendants retaliated against Plaintiff by terminating her and/or effecting a constructive discharge and retaliating against her. Further, Defendants dissuaded Plaintiff from seeking benefits, terminating her while still under medical care and falsely accused her of workers' compensation fraud.

41. Defendant Burger was the supervisor who fired Plaintiff.

42. Defendants were emboldened by their interpretation of the changes in the new workers' compensation laws and believed that this oppressive new law gives them unfettered discretion to interfere with rights of workers in Oklahoma without consequences.

43. As a result of Defendants' conduct, Plaintiff has sustained actual damages in excess of $75,000.00.

44. Defendants have acted with reckless disregard for the rights of Plaintiff and intentionally with malice and as such punitive damages in excess of $10,000.00 should be assessed against them.

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests and award of actual damages in excess of $75,000.00, an award of punitive damages in excess of $10,000.00, the costs of this action, a reasonable amount of attorney fees and any other and further relief this Court deems proper.

Brendan M. McHugh, OBA #18422
Attorney for Plaintiff
P.O. Box 1392
Claremore, OK 74018
Tele: (918) 608-0111

Fax: (918) 809-4910
Email:brendan@lawinok.com
and
Dana Jim, OBA #19495
P.O. Box 1011
Vinita, OK 74301
Tele: (918) 457-6626
Fax: (918) 517-3431
Co-Counsel for Plaintiff

**ATTORNEY LIEN CLAIMED**

**JURY TRIAL DEMANDED**